# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## APPEAL NO. 16-1094

### UNITED STATES
Appellee

v.

### CARLOS BEZA-GARI,
Defendant-Appellant

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---

## BRIEF FOR APPELLEE

---

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

Tiffany V. Monrose
Assistant United States Attorney
U.S. Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

TABLE OF CONTENTS

Table of Authorities ................................................................. iii

Jurisdictional Statement ............................................................ 1

Statement of the Issues ............................................................. 2

Statement of the Case ............................................................... 3

Summary of the Argument ....................................................... 7

Argument .................................................................................. 8

  I.   The district court properly denied Beza's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.

      A. Beza was ineligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines because he was a sentenced as a career offender. ……………………………………10

      B. Beza was not entitled to a sentence reduction merely because he identified mitigating factors. ……………………………………11

Conclusion ............................................................................... 14

Certificate of Compliance ....................................................... 15

Certificate of Service ............................................................... 16

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*United States v. Alejandro-Montañez*, 778 F.3d 352, 362 (1st Cir. 2015) *cert. denied sub nom. Severino-Batista v. United States*, 135 S. Ct. 2827 (2015) and *cert. denied*, 135 S. Ct. 2905 (2015), and *cert. denied*, 136 S. Ct. 92 (2015) .................................................................................... 10

*United States v. Ayala-Pizarro,* 551 F.3d 84 (1st Cir. 2008) .................. 10

*United States v. Cardosa*, 606 F.3d 16 (1st Cir. 2010) ............................ 10

*United States v. Carrasco-De Jesús*, 589 F.3d 22 (1st Cir. 2008) ........... 12

*United States v. Dávila-González*, 595 F.3d 42 (1st Cir. 2010) .............. 12

*United States v. Falu-González*, 205 F.3d 436 (1st Cir. 2000) .................. 8

*United States v. Mulero-Díaz*, 812 F.3d 92 (1st Cir. 2016) ................. 8, 12

*United States v. Ocasio-Cancel*, 727 F.3d 85 (1st Cir. 2013) .................... 3

*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990) ....................... 12, 13

*United States v. Zayas-Ortíz*, 808 F.3d 520 (1st Cir. 2015) ...................... 8

**FEDERAL STATUTES**

18 U.S.C. § 2 ............................................................................................ 4, 5

18 U.S.C. § 3231 ........................................................................................... 1

18 U.S.C. § 3553(a) ............................................................................. 7-9, 12

18 U.S.C. § 3582(c)(2) ....................................................................... passim

21 U.S.C. § 841(a)(1) ................................................................................... 4

21 U.S.C. § 841(b)(1)(A)(i) .......................................................................... 4

21 U.S.C. § 841(b)(1)(A)(ii) ......................................................................... 4

21 U.S.C. § 846 .................................................................................................. 4

21 U.S.C. § 952(a) ........................................................................................... 4, 5

21 U.S.C. § 960(a)(1) ....................................................................................... 4, 5

21 U.S.C. § 960(b)(1)(A) .................................................................................. 4, 5

21 U.S.C. § 960(b)(1)(B) .................................................................................. 4, 5

28 U.S.C. § 994(o) ............................................................................................... 9

28 U.S.C. § 1291 .................................................................................................. 1

## FEDERAL RULES

Fed. R. App. P. 32(a)(5) ..................................................................................... 15

Fed. R. App. P. 32(a)(6) ..................................................................................... 15

Fed. R. App. P. 32(a)(7)(B) ................................................................................ 15

## SENTENCING GUIDELINES

U.S.S.G. app. C, Amend. 782 ...................................................................... passim

U.S.S.G. § 1B1.10(b)(2)(A) ................................................................................. 9

U.S.S.G. § 1B1.10(b)(2)(B) ................................................................................. 9

U.S.S.G. § 4B1.1 ............................................................................................ 5, 11

# JURISDICTIONAL STATEMENT

Defendant-Appellant Carlos Beza-Gari appeals from the final order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. The district court denied Beza's motion for a sentence reduction on December 21, 2015. D.E. 140.[1] Beza timely filed a notice of appeal on January 5, 2016. D.E. 142.

The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

---

[1] References to the record will be as follows: D.E. (Docket Entry or Entries); No. (number or numbers); p. (page); pp. (pages); U.S.C. (United States Code); (U.S.S.G.) United States Sentencing Guidelines; SHT (Sentencing Hearing Transcript); and PA (Plea Agreement).

## STATEMENT OF THE ISSUES

1. Did the district court properly deny Beza's motion for a sentence reduction filed under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).

STATEMENT OF THE CASE

**Statement of Facts[2]**

During the early morning hours of September 30, 2009, the United States Coast Guard detected a yola that was navigating without lights.[3] PA 9. The Coast Guard boarded the vessel. *Id*. Beza and his co-defendants were identified as the occupants of the vessel. *Id*. An ion scan inspection of the yola indicated the presence of cocaine in the bow of the yola. *Id*. The Coast Guard escorted the vessel and crew to the port of Aguadilla, Puerto Rico. *Id*. The investigation revealed that the three defendants smuggled narcotics from the Dominican Republic to Puerto Rico on board the yola. *Id*. The defendants met another boat near the Dominican Republic and transferred 130 kilograms of cocaine and six kilograms of heroin into their vessel. *Id*. While near the coast of Puerto Rico, the defendants saw the Coast Guard and threw the drugs into the water. *Id*. The Coast Guard later recovered the drugs tossed overboard.

---

[2] This appeal follows a guilty plea. The facts are derived from the plea agreement, the change of plea colloquy, the presentence investigation report, and the sentencing transcript. *United States v. Ocasio-Cancel*, 727 F.3d 85, 88 (1st Cir. 2013).

[3] A yola is a small boat. The terms "yola" and "vessel" will be used interchangeably throughout the brief.

*Id.* The DEA lab, through analysis, confirmed the heroin and cocaine inside the packages. *Id.*

Beza, aided and abetted by his co-defendants, knowingly and intentionally imported one kilogram or more of heroin into the United States. *Id.* Beza imported at least 3 kilograms but less than 10 kilograms of heroin into the United States. PA 3.

**<u>Procedural History</u>**

On October 7, 2009, the grand jury indicted Beza and his co-defendants on conspiracy to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(i) and (ii) (Count One), aiding and abetting each other to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i) and 18 U.S.C. § 2 (Count Two), aiding and abetting each other to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i) and 18 U.S.C. § 2 (Count Three), conspiracy to import heroin and cocaine into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(A) and (B) and 963 (Count Four), aiding and abetting each other to import heroin into the

United States in violation of 21 U.S.C. § 952(a) and 960(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count Five), and aiding and abetting another to import cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count Six). D.E. 15.

Beza pled guilty, aided and abetted by others, to importing heroin into the United States. D.E. 92. In the plea agreement, the parties determined that Beza was a career offender with a base offense level of 37 based on the stipulations regarding the drug quantity. PA 9. Beza had a total offense level of 34 and criminal history category of VI under the parties' calculation. *Id*. The parties determined that Beza had an applicable guideline range of 262-327 months' imprisonment. *Id*. The parties deferred to the discretion of the district court if the district court determined that he was a career offender under section 4B1.1(b) of the Sentencing Guidelines. *Id*. If the district court determined that Beza was not a career offender, the applicable guideline range would be 188-235 months' imprisonment. *Id*. In that instance, the parties would recommend a sentence at the lower end of the applicable guideline range or 188 months' imprisonment. *Id*.

On January 14, 2011, the district court sentenced Beza to 262 months' imprisonment and supervised release for five years. D.E. 104. The district court found that Beza was a career offender with a total offense level of 34 and criminal history category of VI. SHT 7-8. The district court also found that Beza had an applicable guideline range of 262-327 months of imprisonment. SHT 8. Beza appealed his sentence, but this Court summarily affirmed the judgment. D.E. 107, 120.

Beza filed a *pro se* motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines on October 29, 2015. D.E. 135. His motion did not state the basis for the sentence reduction. The magistrate judge recommended that the district court deny Beza's section 3582(c)(2) motion because he was a career offender. D.E. 136. Beza did not object to the magistrate judge's report. The district court adopted the magistrate's Report and Recommendation and denied Beza's motion. D.E. 140, 141. Beza filed a notice of appeal regarding the denial of his motion for a sentence reduction. D.E. 142. Beza then filed a second *pro se* motion for a sentence reduction raising several claims not included in his first motion. D.E. 145. The district court has not ruled on Beza's second *pro se* motion.

## SUMMARY OF THE ARGUMENT

Beza's status as career offender rendered him ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Accordingly, the district court properly denied his motion.

Beza's first *pro se* motion for a sentence reduction did not raise any mitigation factors for the district court to consider. Had he qualified for a reduction, Beza would have only been entitled to a weighing of the section 3553(a) factors that are relevant to his case, not to a particular result. There was no error, plain or otherwise, because the district court would not be required to grant his motion based on mitigating factors.

Beza has waived the argument that this Court should reduce his sentence to avoid unwarranted sentencing disparities and to reflect fairness, justice, and integrity to all individuals. He failed to develop these arguments in his brief and did not raise these arguments before the district court. Nor has Beza demonstrated error or prejudice in this matter. The district court did not plainly err when it denied his section 3582(c)(2) motion. The district court's judgment should be affirmed.

## Argument

### I. The district court properly denied Beza's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

**Standard of Review**

During the first step of determining a defendant's eligibility for a sentence modification under 18 U.S.C. § 3582(c)(2), the district court's "conclusions of law are reviewed *de novo*, and its factual findings, for clear error." *United States v. Zayas-Ortíz*, 808 F.3d 520, 523 (1st Cir. 2015). "During the second step, in considering the applicable factors in 18 U.S.C. § 3553(a), the district court's determinations are reviewed for abuse of discretion." *Id.*

Beza argues that a sentence reduction is warranted based on several mitigating factors, the need to avoid a sentencing disparity, and to reflect fairness, integrity, and justice to all individuals. Br. 6. He failed to raise these arguments before the district court. Therefore, they are waived. *See United States v. Falu-González*, 205 F.3d 436, 440 (1st Cir. 2000). To the extent that these issues are not waived, they are forfeited and subject to plain error review. *See United States v. Mulero-Díaz*, 812 F.3d 92, 96 (1st Cir. 2016). To show plain error, Beza "must

show that (1) an error occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Id.

**<u>Discussion</u>**

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(2). However, Congress has allowed an exception to that rule where a defendant's sentencing range has been subsequently lowered by the United States Sentencing Commission under 28 U.S.C. § 994(o), and after considering the factors outlined in 18 U.S.C. § 3553(a) to the extent that they are applicable. 18 U.S.C. § 3582(c)(2). The district court shall not reduce the defendant's term of imprisonment to a term less than the minimum of the amended guideline range unless permitted by section 1B1.10(b)(2)(B) of the United States Sentencing Guidelines. U.S.S.G. § 1B1.10(b)(2)(A).

The Commission amended section 2D1.1 of the Guidelines by reducing the base offense levels associated with various drug quantities involved in trafficking offenses effective November 1, 2014. *See* U.S.S.G.

9

app. C, Amend. 782 (2015). Federal courts shall apply the reduced guidelines to defendants who are sentenced on and after November 1, 2014. For defendants sentenced under the prior guidelines, beginning on November 1, 2014, courts may entertain motions for reductions of a sentence, but no reduction could be effective until after November 1, 2015. *See United States v. Alejandro-Montañez*, 778 F.3d 352, 362 (1st Cir. 2015) *cert. denied sub nom. Severino-Batista v. United States*, 135 S. Ct. 2827 (2015) and *cert. denied*, 135 S. Ct. 2905 (2015), and *cert. denied*, 136 S. Ct. 92 (2015).

### A. Beza was ineligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines because he was sentenced as a career offender.

The district court lacked authority to modify Beza's sentence under 18 U.S.C. § 3582(c)(2). "If a defendant not designated a career offender was sentenced under the [heroin] guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the [heroin] guidelines." *United States v. Cardosa*, 606 F.3d 16, 19 (1st Cir. 2010) (citing *United States v. Ayala-Pizarro,* 551 F.3d 84, 85 (1st Cir. 2008)). Beza would have had a base offense level of 34 under U.S.S.G. §

10

2D1.1 because he possessed at least 3 kilograms but no more than 10 kilograms of heroin. However, because he was a career offender, Beza's actual base offense level was 37 under U.S.S.G. § 4B1.1.[4] SHT 7. The district court adopted the magistrate judge's Report and Recommendation which found that Beza was ineligible for a sentence reduction because was a career offender. D.E. 140, 141. The drug quantity guidelines in U.S.S.G. § 2D1.1 were not relevant to Beza's sentencing calculation, so there was no basis to grant Beza's section 3582(c)(2) motion. Beza's first *pro se* motion does not explain why a sentence reduction should be granted. There was no error where the district court lacked authority to modify Beza's sentence under 18 U.S.C. § 3582(c)(2) because he was sentenced as a career offender.

### B. Beza was not entitled to a sentence reduction merely because he identified mitigating factors.

Beza contends that several mitigating factors support a reduction of his sentence. Br. 4. Beza raises this argument for the first time on

---

[4] Beza had a total offense level of 34 and criminal history category of VI under the parties' calculation. PA 9. The applicable guideline range was 262 to 327 months' imprisonment. *Id.* The district court ultimately sentenced Beza to 262 months of imprisonment. Such sentence was the same sentence that was contemplated by the plea agreement. PA 9.

11

appeal. He has waived this argument. *See United States v. Zannino*, 895 F.2d 1, 9 n. 7 (1st Cir. 1990). Even if not waived, Beza has forfeited this argument and it should be reviewed for plain error. *See Mulero-Díaz*, 812 F.3d at 96.

There is no merit to the argument that several mitigating factors support a reduction of Beza's sentence. "Merely raising potentially mitigating factors does not guarantee a lesser sentence." *United States v. Dávila-González*, 595 F.3d 42, 49 (1st Cir. 2010). "A criminal defendant is entitled to a weighing of the section 3553(a) factors that are relevant to [his] case, not to a particular result." *United States v. Carrasco-De Jesús*, 589 F.3d 22, 29 (1st Cir. 2008). Beza alleges that he has initiated serious efforts to rehabilitate himself by taking parenting and vocational classes, has a blemish-free prison record, and works at the prison. Br. 4-5. Even if the district court was apprised of these mitigating factors, the district court was not only not required to reduce Beza's sentence, it could not consider them because of his ineligibility.

Beza summarily states that this Court should grant his motion for a sentence reduction to "avoid unwarranted sentencing disparities, reflecting fairness, justice, and the integrity to all individuals [sic]

supports this reduction." Br. 6. Beza has waived these arguments because he failed to develop them in his brief. *See Zannino*, 895 F.2d at 17 ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Beza also waived these arguments because he failed to present them before the district court. Moreover, these arguments assume he qualifies for a reduction, which he does not. Beza has not demonstrated error or prejudice in this matter. Thus, this district court did not plainly err when it denied Beza's motion for a sentence reduction.

## CONCLUSION

For the foregoing reasons and authorities, and based upon the entire record, Beza's conviction and sentence should be affirmed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of November, 2016.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

/s/ Tiffany V. Monrose
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Room 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax: (787) 771-4050

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

———————

CERTIFICATE OF COMPLIANCE
WITH TYPEFACE AND LENGTH LIMITATIONS

———————

APPEAL NO. 16-1094

UNITED STATES
APPELLEE

V.

CARLOS BEZA-GARI,
DEFENDANT - APPELLANT


1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,319 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared on a proportionally spaced typeface using Microsoft Word 2013 in 14-point Garamond font.

Date: November 18, 2016          /s/ Tiffany V. Monrose
                                 Assistant United States Attorney

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and will mail a copy to Carlos Beza-Gari, a non-ECF participant.

                                            /s/ Tiffany V. Monrose
                                            Assistant United States Attorney